FILED
APR - 7 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE CONLON
05C 2026

MAGISTRATE JUDGE NOLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SCHUBERT & SON CONCRETE, INC., an Illinois corporation, and JOHN SCHUBERT, individually, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by their attorneys, Daley and George, Ltd., for their complaint against Defendants SCHUBERT & SON CONCRETE, INC. and JOHN SCHUBERT, allege as follows:

### COUNT I
### (ERISA)

1. This is an action arising out of the violation of a contract between an employer and a labor organization, and Plaintiffs are seeking to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employees Retirement Income Security Act of 1974, as amended (29 U.S.C. §§ 1132, 1145), and Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185), as more fully described below.

Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements") that establish the Funds.

3. Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, Mark Hannon, Frank Hovar, Terry Kipping, John Penn, Glyn Ramage, Bradley J. Schaive, John R. Taylor, James Bruner, Charles Adams, John E. Goetz, John Holub, Ken Kilian, Joe Lamb, Steve Morthole, and Chip Reyhan, Jr. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Martin Easterling, Jim Kellus, Nick Ceretto, Marc Manuel, Bob McDonald, Steve Trokey, Scott Larkin, Kenton Day, Ed Doyle, Tim Garvey, Greg Neff, and John Peisker. Plaintiff BARRY McANARNEY is the Executive Director of the Funds.

4. The Union represents employees in an industry affecting commerce.

5. CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6. SCHUBERT & SON CONCRETE, INC. is an Illinois corporation doing business in the Northern District of Illinois and is an employer in an industry affecting commerce.

7. SCHUBERT & SON CONCRETE, INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more agreements with the Union.

8. SCHUBERT & SON CONCRETE, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Collective Bargaining Agreement and by virtue of its executing one or more participation agreements, including but not limited to a participation agreement entered into on or about March 10, 2003.

9. Under the terms of the Collective Bargaining Agreement and Trust Agreements, SCHUBERT & SON CONCRETE, INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

10. SCHUBERT & SON CONCRETE, INC. has admitted, acknowledged, and ratified the Collective Bargaining Agreement and Trust Agreements by filing report forms with the Funds and by making some (but not all) of the required payments of contributions to the Funds.

11. SCHUBERT & SON CONCRETE, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement, thereby breaching the Trust Agreements and Collective Bargaining Agreement; unpaid contributions due for the period total not less than the following:

Audit Liabilities (03/2003, 12/2003): ...................................$1,257.53

12. The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

13. Because contributions were not paid when due, SCHUBERT & SON CONCRETE, INC. incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

Liquidated Damages (03/2003, 12/2003): ............................**$125.75**

14. The total amount owed by SCHUBERT & SON CONCRETE, INC. pursuant to the Trust Agreements is not less than $1,975.16, consisting of not less than $1,257.53 in contributions, not less than $125.75 in penalty assessments, and $591.88 in audit costs.

15. SCHUBERT & SON CONCRETE, INC. has failed and refused to pay the amount of $1,975.16 due Plaintiffs.

16. Plaintiffs have complied with all conditions precedent in bringing this suit.

17. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from SCHUBERT & SON CONCRETE, INC.

WHEREFORE, Plaintiffs respectfully request that:

A. Judgment be entered against SCHUBERT & SON CONCRETE, INC. in favor of Plaintiffs.

B. SCHUBERT & SON CONCRETE, INC. be ordered to pay Plaintiffs $1,975.16, plus any additional amount shown to be due pursuant to any subsequent audit.

C. SCHUBERT & SON CONCRETE, INC. be ordered and specifically required to perform and continue to perform all obligations it has undertaken.

D. SCHUBERT & SON CONCRETE, INC. be ordered to pay interest, costs, and

reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.    Plaintiffs be granted such other and further relief as the Court may deem just.

## COUNT II
### (AUDIT)

1. - 17.    Plaintiffs reallege paragraphs 1 - 17 of Count I.

18.    Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, SCHUBERT & SON CONCRETE, INC. is required to provide access to such records as are necessary for the Funds to determine whether there has been compliance with obligations to contribute to the Funds.

19.    Upon information and belief, SCHUBERT & SON CONCRETE, INC. has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements to which it is bound, all in violation of its contractual and statutory obligations.

20.    The Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of SCHUBERT & SON CONCRETE, INC.

WHEREFORE, Plaintiffs respectfully request that:

A.    Judgment be entered against SCHUBERT & SON CONCRETE, INC. in favor of Plaintiffs.

B.    SCHUBERT & SON CONCRETE, INC. be ordered to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.    SCHUBERT & SON CONCRETE, INC. be ordered to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.    SCHUBERT & SON CONCRETE, INC. be ordered and specifically required to perform and continue to perform all obligations he has undertaken.

E.    SCHUBERT & SON CONCRETE, INC. be ordered to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.    Plaintiffs be granted such other and further relief as the Court may deem just.

## COUNT III
## (AGAINST JOHN SCHUBERT)

1. This Count I arises from a common nucleus of operative facts with Counts I and II and is pendent to those counts.

2. - 18.    Plaintiffs reallege paragraphs 1 - 17 of Count I.

19. - 21.    Plaintiffs reallege paragraphs 18 - 20 of Count II.

22. Plaintiffs are advised and believe that JOHN SCHUBERT is the President of SCHUBERT & SON CONCRETE, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that JOHN SCHUBERT is a director of SCHUBERT & SON CONCRETE, INC.

23. Plaintiffs are advised and believe that SCHUBERT & SON CONCRETE, INC. has from time to time, in the course of its business employed persons performing bargaining work for which fringe benefit contributions are due to Plaintiffs and has willfully failed to make the necessary payments as required under the terms of the Trust Agreements and the Collective Bargaining Agreement.

24. Pursuant to the Trust Agreements, to which SCHUBERT & SON CONCRETE, INC. is bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

25.     Plaintiffs are informed and believe that JOHN SCHUBERT did so supervise the completion of report forms, sign report forms, and/or had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement.

WHEREFORE, Plaintiffs respectfully request that:

A.      Judgment be entered against JOHN SCHUBERT, individually, in favor of Plaintiffs.

B.      JOHN SCHUBERT be ordered to pay plaintiffs $1,975.16, and plus any additional amount shown to be due pursuant to any subsequent audit of SCHUBERT & SON CONCRETE, INC.

C.      JOHN SCHUBERT be ordered to provide access to the records of SCHUBERT & SON CONCRETE, INC. so that an audit can be performed to determine whether it has complied with contribution requirements.

D.      JOHN SCHUBERT be ordered to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

E.      JOHN SCHUBERT be ordered to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      Plaintiffs be granted such other and further relief as the Court may deem just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By: _____
One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

7